# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JOHNNY ROY HALL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:21CV00022 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI, ACTING** ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY**, ) | |
| ) | |
| Defendant. ) | |

*Hugh F. O'Donnell, Norton, Virginia, for Plaintiff; Naomi Mendelsohn, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance and supplemental security income benefits under provisions of the Social Security Act (Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 40-page Report on September 6, 2022, in which she recommended that the court affirm the Commissioner's decision denying benefits. On September 20, 2022, the plaintiff filed a timely Objection to

the Report.  The Commissioner has filed a Response to the Objection and accordingly the Objection is ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Under the Act, I must uphold the factual findings and final decision of the administrative law judge (ALJ) if they are supported by substantial evidence and were reached through application of the correct legal standard.  *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).  "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed.   *Id.*  But I may not "reflexively rubber-stamp an ALJ's findings."  *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted).  "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

In his Objection, the plaintiff argues the same issues as he presented to the magistrate judge, other than now including the magistrate judge along with the ALJ in having "cherry-picked" the facts and displaying "a deep contempt" for him.  Obj.

11, ECF No. 26.  I find that the Report accurately resolved the issues presented and should be accepted.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's Objection, ECF No. 26, is DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 25, is fully ACCEPTED;

4. The plaintiff's Motion for Summary Judgment, ECF No. 21, and Amended Motion for Summary Judgment, ECF No. 22, are DENIED;

5. The Commissioner's Motion for Summary Judgment, ECF No. 23, is GRANTED; and

6. A separate final judgment will be entered herewith.

ENTER:  September 30, 2022

/s/  JAMES P. JONES
Senior United States District Judge